**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2915

_____

UNITED STATES OF AMERICA,

v.

ERIK JOHNSON, a/k/a TANK,

                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:01-cr-00538-002)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 22, 2018

Before: SMITH, *Chief Judge*, and HARDIMAN and BIBAS, *Circuit Judges*

(Opinion Filed:  August 16, 2018)

_____

OPINION[*]

_____

_____

    [*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

Even a succinct statement of reasons can suffice to explain a judge's decision to grant or deny a sentence reduction under 18 U.S.C. §3582(c)(2). Erik Johnson appeals the District Court's decision to reduce his life sentence to forty rather than thirty years' imprisonment. We will affirm.

## I.

Johnson led the Third World Crips gang, which operated in a Newark housing project. With his two codefendants, he oversaw a conspiracy that sold heroin, powder cocaine, and crack cocaine to more than a thousand people. The gang was brutal: Gang members shot, beat, and attacked residents with dogs. Once, when Johnson and his confederates suspected a woman of stealing drugs stored in her apartment, they held her face against a radiator.

After nearly a decade of running this drug ring, Johnson was convicted of conspiring to distribute, and possessing with intent to distribute, heroin, cocaine, and cocaine base. His prior felony drug conviction triggered an additional twenty-year minimum sentence.

The District Court sentenced Johnson to life imprisonment plus twenty years, finding that Johnson was "the most dominant" of the violent gang members. App. 28. We affirmed. *United States v. Johnson*, 89 F. App'x 781, 788 (3d Cir. 2004).

In 2014, the Sentencing Commission issued Amendment 782, which retroactively lowered base offense levels for several drug quantities. U.S.S.G. App. C, amend. 782 (2014); U.S.S.G. §1B1.10(d). This amendment lowered Johnson's base offense level, so his now-advisory Guidelines range became 360 months to life. Johnson asked the District Court to

reduce his sentence. The government at first disputed Johnson's calculation, but on appeal confessed error. We summarily remanded to the District Court.

On remand, the District Court lowered Johnson's sentence from life to forty years, rather than the thirty years he had requested. Instead of issuing an opinion, the Court filled out form AO-247, checking two boxes and filling in several blanks. The check marks noted that Johnson had moved to reduce his sentence and that the Court granted the motion, reducing his sentence from life to 480 months. The form also included preprinted language stating that the judge had "considered [Johnson's] motion, and tak[en] into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. §3553(a), to the extent they are applicable." App. 6. Finally, the Court also attached a one-paragraph Statement of Reasons explaining that it had considered the parties' arguments, Johnson's offense conduct, his conduct in prison, and his age in light of the length of his sentence. Johnson appeals.

## II.

Johnson claims the District Court erred procedurally by not applying the statutory sentencing factors reasonably and not explaining its decision adequately. We review the denial of a sentence-reduction motion under 18 U.S.C. §3582(c)(2) for abuse of discretion. *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016).

Proceedings under §3582(c)(2) are a "limited adjustment to an otherwise final sentence." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Supreme Court has declined to opine on whether §3582(c)(2) decisions require the same level of explanation as original

sentencings. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). The Court assumed "purely for argument's sake" that they do, drawing on its original-sentencing decisions to set guideposts for how extensively judges must explain their §3582(c)(2) decisions. *Id.* The explanation needed depends "upon the circumstances of the particular case," leaving "much to the judge's own professional judgment." *Id.* at 1965-66 (internal quotation marks omitted).

Here, Johnson objects that the District Court did not "reference the reasons behind Amendment 782." Appellant's Br. 20. He argues that a thirty-year sentence would have sufficed, because his range already incorporated his enhancements for possessing a gun, helping to lead the gang, and using minors to distribute drugs. He also argues that because he is over forty years old, he is less likely to recidivate and so poses less of a threat to public safety. His prison record too supports relief, "[d]espite [a] rocky start." *Id.* at 22. Although "[h]e incurred nine disciplinary infractions during his first 13 years of incarceration"—out of fifteen that he has served—"Johnson made a clean start when he learned that there was a possibility of relief from his life sentence." *Id.* at 21, 22.

The record shows that the District Court exercised its discretion properly. Its statement, though brief, and the accompanying record, adequately explained the reasons for Johnson's new sentence. It was well within the Court's "professional judgment" not to credit Johnson's newfound good behavior. *Chavez-Meza*, 138 S. Ct. at 1968. That is especially true because one of his infractions, in 2013, included "orchestra[ing a] narcotics drug introduction scheme" in prison. App. 86.

The District Court had Johnson's entire record before it when it weighed his motion. That record included Johnson's violent crimes and the testimony of his victims. It also included the finding by his original sentencing judge that Johnson had a "proclivity to violence" and a "demonstrate[d] … disregard for authority." App. 29. Given the heinousness of Johnson's crimes and his poor record in prison, "it is unsurprising that the judge considered a sentence somewhat higher than the bottom of the reduced range to be appropriate." *Chavez-Meza*, 138 S. Ct. at 1967.

The District Court also properly considered the relevant § 3553(a) factors and policy statements. It considered Johnson's arguments, the conduct underlying his conviction, his prison record, and his age in light of his remaining sentence. This "explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge." *Chavez-Meza*, 138 S. Ct. at 1968. So the Court did not abuse its discretion. We will affirm.